**UNITED STATES of America,**

v.

**Gary FAMA, Defendant.**

**No. 12–cr–186 (WFK).**

United States District Court,
E.D. New York.

Oct. 25, 2013.

---

Elizabeth E. Macedonio, Elizabeth E. Macedonio, P.C., Bayside, NY, for Defendant.

Amir Toossi, Tiana A. Demas, United States Attorneys Office, Brooklyn, NY, for United States of America.

## DECISION AND ORDER

WILLIAM F. KUNTZ, II, District Judge.

On December 17, 2012, following a six-day trial, a jury delivered a verdict finding Gary Fama ("Defendant") guilty of armed bank robbery and use of a firearm to commit a crime of violence, in violation of 18 U.S.C. § 2113(a, d), and 18 U.S.C. § 924(c)(1)(A)(ii), respectively. By letter-motion filed April 17, 2013, Defendant moves this Court for a judgment of acquittal or, in the alternative, for a new trial. *See* Dkt. No. 74 ("Def.'s Mot."). The government opposes the motion, arguing that the evidence introduced was sufficient to sustain Defendant's conviction. *See* Dkt. No. 78 ("Gov't Mot."). For the reasons set forth below, this Court DENIES Defendant's motion in its entirety.

Rule 29 provides "the court on defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed.R. Crim.P. 29(a). "Under Rule 29, a district court will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir.2003). "A defendant who challenges the sufficiency of the evidence to support his conviction 'bears a heavy burden.'" *Id.* (quoting *United States v. Finley*, 245 F.3d 199, 202 (2d Cir.2001)). "In other words, a court may grant a judgment of acquittal only 'if the evidence that the defendant committed the crime alleged was nonexistent or ... meager.'" *Id.* (quoting *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir.1999)).

"In assessing sufficiency, [the court] view[s] the evidence in the light most favorable to the government, and ... draw[s] all reasonable inferences in its favor." *United States v. Cote*, 544 F.3d 88, 98 (2d Cir.2008). Thus, "it is well settled that Rule 29(c) does not provide the trial court with an opportunity to substitute its own determination of the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Id.* at 99 (internal quotation marks and editing omitted). Similarly, "[t]he court must give full play to the right of the jury to determine credibility." *Id.; see also United States v. Florez*, 447 F.3d 145, 156 (2d Cir.2006) ("We will not attempt to second-guess a jury's credibility determination on a sufficiency challenge."); *United States v. Khan*, 787 F.2d 28, 34 (2d Cir.1986) ("the reviewing court must ... resolve all issues of credibility in favor of the prosecution"). "Furthermore, [the court] consider[s] the evidence in its totality, not in isolation, and the government need not negate every possible theory of innocence," *Cote*, 544 F.3d at 98, because "each fact may gain color from the others," *Guadagna*, 183 F.3d at 130. "Moreover, the jury's verdict

may be based entirely on circumstantial evidence." *United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir.1995).

 Rule 33 provides "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R. Crim.P. 33(a). The test for granting such a motion is "whether 'it would be a manifest injustice to let the guilty verdict stand.'" *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir.1992) (quoting *United States v. Reed*, 875 F.2d 107, 114 (7th Cir.1989)). "Although a trial court has broader discretion to grant a new trial pursuant to Rule 33 than to grant a motion for a judgment of acquittal pursuant to Fed.R. Crim.P. 29, where the truth of the prosecution's evidence must be assumed, that discretion should be exercised sparingly." *Id.* (internal citation omitted). "For a trial judge to grant a Rule 33 motion, he must harbor 'a real concern that an innocent person may have been convicted.'" *United States v. Guang*, 511 F.3d 110, 119 (2d Cir.2007) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir.2001)).

 Defendant argues, in sum, "though the jury found Mr. Fama guilty, it cannot be concluded that the evidence supporting the verdict was legally sufficient[,] [a]nd even if it could be concluded that the evidence was legally sufficient, ... it would be unjust to let the guilty verdict stand." Def's Mot. at 2. Defendant attacks the guilty verdict on four grounds, each of which challenges the sufficiency of the government's evidence. First, Defendant argues the DNA evidence connecting Defendant to the scene of the crime is insufficient because "forensic science is an imperfect and human endeavor." *Id.* at 2–3 (quoting *United States v. Bonner*, 648 F.3d 209, 215 (4th Cir.2011)). Second, Defendant argues the cell site data connecting Defendant to the scene of the crime is insufficient because "the cell towers did not pinpoint the locations where cell phone calls were made," and, moreover, "even if it could be concluded that the call detail records accurately established Mr. Fama's location at the times in question, the evidence carried little probative value regarding his alleged involvement in the offense since he resided in the area." *Id.* at 3. Third, Defendant argues "none of the eyewitnesses identified Mr. Fama in court," and the existing eyewitness evidence was nonetheless insufficient because of "the dangers of unreliable eyewitness identification evidence." *Id.* at 3–4. Fourth, Defendant extensively contests the sufficiency of corroborating witness Jack Mannino's testimony, on the grounds that his testimony cannot be trusted because of Mannino's criminal history and the fact that Mannino lied under oath regarding an unrelated fraud conspiracy. *Id.* at 4–5.

 As discussed, *supra*, on a Rule 29 motion for a judgment of acquittal, "pieces of evidence must be viewed not in isolation but in conjunction." *United States v. Young*, 745 F.2d 733, 762 (2d Cir.1984) (quoting *United States v. Carson*, 702 F.2d 351, 362 (2d Cir.1983)). Thus, even if a single piece of evidence could be deemed insufficient to sustain a conviction when viewed in isolation, the conviction will be upheld and the evidence deemed sufficient if, viewed in conjunction with the totality of admissible evidence presented at trial, a rational trier of fact could have found the Defendant guilty beyond a reasonable doubt. *See id.*; *see also Jackson*, 335 F.3d at 180. Drawing all reasonable inferences and resolving all credibility determinations in the government's favor, as this Court must on a Rule 29 motion, the Court concludes that the evidence adduced against Defendant Gary Fama was legally sufficient to sustain his conviction.

Defendant contends "the government's case rested almost entirely on the testimony of cooperating witness Jack Mannino." Def.'s Mot. at 4. Defendant argues this reliance was fatal to the government's case because "Mannino's background was so depraved, and his story so incredible, that no rational jury could have fairly concluded that it proved Mr. Fama's guilt beyond a reasonable doubt." *Id.* (citing *United States v. Gordon,* 987 F.2d 902 (2d Cir. 1993) (holding the improper admission of 404(b) evidence was not harmless in light of the "not overwhelming" admissible evidence, including "the testimony of ... a cooperating witness whose credibility was a seriously contested matter at trial," which remained to support the verdict)). Besides attacking Mr. Mannino's credibility, Defendant does not otherwise contest the sufficiency of Mr. Mannino's testimony.

Mr. Mannino testified in detail regarding his relationship with Defendant, the background to their conspiracy, and the details of the bank robbery—including Defendant's use of a gun during the robbery. *See, e.g.,* Trial Tr. at 428:18–431:14 ("A: I first met Gary Fama at the MDC in 2000 ... Q: Did you become friends with him in jail? A: Yes."); 443:11–449:13 ("Q: Did you speak to the defendant on December 29, 2011? A: Yes, I did ... We talked on the cell phone, probably around lunch ... about meeting up sometime that day ... [t]o discuss the possibility of looking into some banks."); 454:23–457:3 ("Q: When you got to the bank, what did you do? A: When we opened the doors to the bank, I proceed to run to the counter ... [Defendant] was behind me. He had the gun out and told everyone to get down."). Thus, as Defendant apparently concedes, Mr. Mannino's testimony, accepted as true, alone provides sufficient evidence to support Defendant's conviction. *See* Def.'s Mot. at 2 ("Apart from the testimony of cooperating witness Jack Mannino, there was little if any convincing evidence connecting Mr. Fama to the crimes charged") and at 4 ("the government's case rested almost entirely on the testimony of cooperating witness Jack Mannino."); *see also* Gov't Mot. at 29 ("assuming that the government's case rested entirely on Mannino's testimony ..., such testimony is sufficient to establish Fama's guilt beyond a reasonable doubt.").

Defendant was given ample opportunity to cross-examine Mr. Mannino, during which counsel repeatedly sought to impeach his credibility. *See generally,* Trial Tr. at 480:10–587:17, 594:16–597:17. Despite a spirited cross-examination and effective impeachment, the jury apparently deemed Mr. Mannino's testimony credible with respect to Defendant's commission of the subject offenses. *See, e.g., United States v. Autuori,* 212 F.3d 105, 118 (2d Cir.2000) (accepting the credibility of a cooperating witness' testimony in part because "[defendant] had the opportunity to convince the jury that [the witness] was not credible, and in that work his counsel had an arsenal to call upon"). On a Rule 29 motion, this Court must defer to the jury and resolve all questions of credibility in the government's favor. *Khan,* 787 F.2d at 34; *Cote,* 544 F.3d at 99; *Autuori,* 212 F.3d at 118 (2d Cir.2000).

■ Defendant argues in the alternative that "even if it could be concluded that the evidence was legally sufficient, ... it would be unjust to let the guilty verdict stand." Def.s' Mot. at 2. As discussed *supra,* the only bases cited in Defendant's motion relate to the sufficiency of the government's evidence. Having concluded the evidence adduced was legally sufficient to support Defendant's conviction, this Court lacks any basis for concluding the interest of justice requires a new trial, and Defen-

dant's Rule 33 motion is therefore DE-NIED.

*SO ORDERED.*